UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 10-395-C**

**GREEN TREE SERVICING, LLC,**                                                    **PLAINTIFF,**

**V.**              **MEMORANDUM OPINION AND ORDER**

**CHARLES SPALDING,**                                                          **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on defendant Charles Spalding's motion to dismiss for lack of jurisdiction. For the reasons below, the court will grant the motion.

**I.**     **Facts**

This case arises from a contract dispute between Spalding and plaintiff Green Tree Servicing, LLC. On October 27, 1998, Spalding purchased a mobile home, for which he signed a contract and security agreement. The contract included an agreement to arbitrate disputes under the Federal Arbitration Act ("FAA"). 9 U.S.C. § 1 et. seq. Green Tree filed a complaint against Spalding in Nelson County, Kentucky Circuit Court for failure to make regularly scheduled monthly payments. Spalding filed an answer and counterclaims alleging that Green Tree failed to properly apply payments, in violation of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et seq.

Green Tree filed a complaint to compel arbitration in this court of Spalding's counterclaims, arguing this court to assume federal question jurisdiction based on the "arbitration agreement, the FAA and applicable law . . . to compel the arbitration of all counterclaims . . . ." R. 1 at 5. Spalding seeks to dismiss the action for lack of

1

jurisdiction.

## II. Analysis

This court does not have federal question jurisdiction over the instant case, since it does not meet the well-pled complaint rule. *Vaden v. Discovery Bank*, — U.S. —, 129 S.Ct. 1262 (2009). Green Tree asserts that this court has federal jurisdiction based on the arbitration agreement and Spalding's counterclaims. However, federal courts have original jurisdiction only over cases which raise a federal question, that is, "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pled complaint rule states that a suit arises under federal law only when it is clear from the face of the complaint that there is a federal question. *Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149 (1908).

As a corollary, federal jurisdiction cannot be based on a counterclaim. *Vaden*, 129 S.Ct. at 1278. "[W]hether a case is one arising under [federal law] . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . , unaided by anything alleged in anticipation o[r] avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). "Parties may not circumvent those rules by asking a federal court to order arbitration of the portion of a controversy that implicates federal law when the court would not have federal-question jurisdiction over the controversy as a whole." *Vaden*, 129 S.Ct. at 1278. Spalding's counterclaims based on federal law are not sufficient to provide this court with federal question jurisdiction.

Additionally, the arbitration agreement's term that arbitration under the contract

shall be conducted in accordance with the FAA does not provide this court with federal question jurisdiction. While the FAA provides for United States district court enforcement of arbitration agreements, it does not provide a basis for federal jurisdiction. *Vaden*, 129 S.Ct. at 1271 (quoting *Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008)). Rather, for access to the federal courts, there must be an independent jurisdictional basis over the dispute. *Id*. Therefore, this court does not have federal question jurisdiction based upon the arbitration agreement and the FAA.

This court does not have diversity jurisdiction over the instant case because the amount in controversy is not sufficient. For a federal court to obtain diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The complaint states that the amount in controversy is $14,324.24. R. 1-3 at 2. Therefore, this court cannot assert diversity jurisdiction.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (R. 7) is **GRANTED**. Judgment is entered contemporaneously with this order.

Signed on December 3, 2010

Jennifer B. Coffman, Judge
United States District Court